The opinion of the court was delivered by
Mare, J.
The accused was convicted of murder ; and he appealed from the judgment sentencing him to death.
The homicide took place on the twelfth ; the indictment was found on the sixteenth ; copy was served on the accused in person on the nineteenth ; and he was put upon his trial on the twenty-first December, 1878.
The regular term of the district court for the parish of Pointe Coupee commenced on Monday, December 2, 1878. On the first clay of the term the entire venire was set aside on motion, on the ground that the clerk of the court was not sworn as a commissioner at the time of the drawing of the jury ; and the court ordered the jury commissioners forthwith to draw fifty jurors for the week commencing on the ninth ; thirty for the week commencing on the sixteenth ; and fifteen for the week commencing on the twenty-third December. The names of the jurors first drawn, the venire that had been set aside, were returned to the venire box ; and the new venire was drawn from that box.
From the fifty names drawn for the week commencing on the ninth *399 December, the grand jurors were selected; and they found the bill against the accused.
On the eighteenth December the accused by his counsel formally objected to being required to plead to the indictment, and to the fixing o£ the case for trial on the ground that the term had lapsed by reason of the setting aside of the first venirle. It seems the court continued in session, transacting such business as did not require a jury. We think this was proper, and that, the term had not lapsed.
This objection having been overruled, the accused on the same day presented his exceptions and objection to the grand and petit jurors and moved that the venire be quashed, on the ground that it was illegal and drawn without warrant of law, and summoned without authority of law; and that it was not empanneled on the first day of the term of the court.
That the general venire list from which the jury was drawn was made by Hebert, a clerk of the court and a jury commissioner, prior to his having taken the oath required by law as jury commissioner. The court refused to allow the exceptions and motion to be filed because they were not made on the first day of the term, as the bill of exceptions states.
Section 11 of the act No. 44, of 1877, regular session, the present jury law, does require exceptions to the array or venire to be made on the first day of the term ; but obviously this must be understood with certain restrictions. No objection could be made to the venire before it was drawn ; nor could a person indicted for an offense c jrmnitted during- the term and put upon his trial at the same term have objected to the venire on the first day of the term.
The venire objected to in this case was not drawn until after the first day of the term ; and it was summoned for the second week, the ninth December. If that could be considered the first day of the term, the accused had no occasion, no right, to appear in court to challenge the venire until the indictment was found against him, which was on the sixteenth, the third week of the term, the second week of the jury term. Two days after the indictment was found, and the day before the copy was served on him, he presented in due form his exceptions and objection to the venire. We think that section 11 of the act of 1877 must be held not to apply to juries drawn after the first day of the term ; nor to persons who had no interest and no right to object to the venire until after the juries had been empanneled. It would be to the last degree unjust to apply it to a person who is indicted during the term for an offense committed after the first day of the term, and who is put upon his trial at the same term.
The clerk, as one of the jury commissioners, had taken an active *400 part in the selection of the three hundred names to be put in the venire box and in the selection from time to time of other names to supplement the list and keep up the requisite number, three hundred. This is a far more important duty than that of merely drawing from the venire box the slips of paper on which the names are written. Confessedly, Hebert was not qualified as jury commissioner when this most important duty was performed. When the first venire was set aside Hebert took the oath as required ; and then, assisted by two other jury commissioners, he drew the venire from the box after returning to it the names of the first venire.
The words of the statute, section 3, act of 1877, are : “ Before entering upon the discharge of their duty each member of the commission shall take an oath faithfully to discharge the duties imposed upon them by this act ” The oath taken by Hebert on the third December, 1878, made him, for the first time, a qualified jury commissioner. That oath necessarily had reference and was limited to his future acts as such commissioner ; and it could not validate that most important previous duty, the selection of. the names to be put in the venire box.
The necessity for taking this oath was fully and carefully considered in State vs. Williams, 30 An. 1028; and we decided that the clerk was not qualified to act as a jury commissioner until he had taken the specific oath prescribed by the statute. In this case, as we said in that case, p. 1031, “the selection of the jurors was not legal; and the inevitable result of that illegal selection was to affect the composition of the grand and petit juries, the validity of the indictment, the verdict and sentence.”
It is therefore ordered, adjudged, and decreed that the verdict rendered in this case be set aside; that the judgment and sentence be avoided and annulled ; that the indictment be quashed; and that the-accused, William Vance, be detained in custody to await the further action of the district attorney and the grand j ury of the parish of Pointe Coupee, and until discharged in due course of law.